UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERWIN BELL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-138** |
| **NEW HAMPSHIRE INSURANCE COMPANY** | **SECTION:"B"(2)** |

ORDER AND REASONS

Before the Court is Defendant's Motion for Partial Summary Judgment with Regard to the Credit to Which Defendant is Entitled (Rec. Doc. No. 13), Defendant's Motion for Partial Summary Judgment with Regard to the Issue of Lost Wages/Loss of Earning Capacity, or, in the Alternative, a Motion in Limine to Limit the Amount of Claim for Lost Wages (Rec. Doc. No. 14), and Defendant's Motion for Partial Summary Judgment on the Claim for Future Medical Expenses (Rec. Doc. No. 15).  After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion for Partial Summary Judgment Regarding the Credit to Which Defendant is Entitled (Rec. Doc. No. 13) is **GRANTED IN PART.**  Although Plaintiff asserts that he does not oppose this motion, the law only supports credit for the amounts already paid by the workers' compensation carrier, and by the tortfeasor's insurer.  Defendant's Motion for Partial Summary Judgment with regard to the Issue of Lost Wages/Loss of Earning Capacity, or, in the Alternative, a Motion in Limine to Limit the Amount of Claim for Lost Wages (Rec. Doc. No. 14) is

1

**DENIED.**  Finally, Defendant's Motion for Partial Summary Judgment on the Claim for Future Medical Expenses (Rec. Doc. No. 15) is **DENIED**.

## *BACKGROUND*

Plaintiff Erwin Bell was involved in a motor vehicle accident with third party, Alfred L. Harvey, on November 24, 2005 while on Louisiana Highway 308.  Defendant New Hampshire Insurance Company issued a Business Auto Policy to Howard Davis.  Prior to the accident, Davis added Plaintiff's vehicle as an additional insured vehicle under the policy as part of his agreement with Plaintiff to haul sugarcane.  The policy provides Uninsured Motorist Coverage to Plaintiff.  Meanwhile, Alfred Harvey maintained insurance on his vehicle through Progressive Insurance Company.  As a result of this accident, Progressive settled with Plaintiff for the limits of Harvey's policy ($10,000).  In addition, Plaintiff brought a workers' compensation claim as a result of this accident, entitling Plaintiff to benefits consisting of payments of all of his medical expenses and 2/3 of his average weekly wages in indemnity benefits.

As a result of this accident, Bell claims that he suffered serious and disabling injuries, incurred pain and suffering, as well as mental anguish, and has suffered past lost wages, future lost wages and a loss of earning capacity. Plaintiff claims that Defendant New Hampshire Insurance Company had adequate proof of loss in excess of 60 days, but has failed to make a reasonable

unconditional tender of underinsured motorist benefits to the petitioner. Accordingly, pursuant to RS 22:658, Plaintiff alleges that Defendant is liable for statutory penalties and attorney's fees.

With regard to the Motion for Partial Summary Judgement Regarding the Credit to Which Defendant is Entitled (Rec. Doc. No. 13), Defendant contends that it is entitled to credits for any amounts paid to Plaintiff as a result of this accident by any underlying insurance carrier and for any workers' compensation benefits paid or to be paid to Plaintiff as a result of the accident in question.

With regard to Defendant's Partial Summary Judgment Motion Regarding the Issue of Lost Wages/Loss of Earning Capacity, or, *in the Alternative,* a Motion in Limine to Limit the Amount of Claim for Lost Wages (Rec. Doc. No. 14), Defendant avers that despite Plaintiff's assertion that he earned $3,500 to $4,000 in gross income prior to the accident ($2,500 - $3,100 after deducting expenses), Plaintiff's claims for lost wages/loss of earnings should be dismissed because of Plaintiff's failure to present any documentary support for his earnings. Should the Court decline to grant summary judgment, Plaintiff prays that this Court limit Plaintiff's claim for lost wages to a $400 per year, the maximum amount a self-employed person is allowed to earn without being required to file a tax return.

With regard to Defendant's Motion for Partial Summary Judgment on the Claim for Future Medical Expenses (Rec. Doc. No. 15), Defendant asserts that Plaintiff has not produced any expert medical evidence that he will require any future medical treatment as of the March 28, 2008 deadline set forth in the Scheduling Order.  As such, Defendant avers that it is entitled to the dismissal of any claims for future medical expenses as expert medical testimony is required as proof of future medical expenses.[1]  Defendant also adds through its reply memorandum that since Plaintiff conceded that Defendant is entitled to a credit for benefits paid by workers' compensation, Plaintiff has no claim for future medical expenses.  Defendant further states that Plaintiff should not be allowed to submit evidence of future medical expenses after the May 14, 2008 hearing date, as it would unfairly prejudice Defendant.  Specifically, Defendant states that because Plaintiff waited until April 21, 2008, seven days before Defendant's export

---

[1] In addition to this motion, Defendant also filed a Motion in Limine to Exclude the Evidence of Medical Treatment Following Date of Last Record Provided (Rec. Doc. No. 16).  In this motion, Defendant asserts that Plaintiff should be required to submit to an independent medical examination, in addition to having Plaintiff's expert testimony excluded and having Defendant's expert report deadline extended.  As support for Plaintiff's opposition, points to *Gray v. Vastar*, where the Eastern District of Louisiana held that with regard to Rule 26(a)(2), "written reports are not required for treating physicians whose testimony and opinions derive from information learned during actual treatment of the patient, rather than from subsequent evaluation as a specifically retained expert."  2005 WL 3993956 (E.D. La. Feb. 14, 2005).

report deadline, to reveal for the first time that he had in fact undergone further treatment after April 22, 2007, Defendant faces prejudice because Defendant could not respond with export reports of its own.[2]

Contentions of Respondent:

With regard to the Motion for Partial Summary Judgement regarding the Credit to Which Defendant is Entitled (Rec. Doc. No. 13), Plaintiff offers no opposition to Defendant's contentions. With regard to Defendant's Partial Summary Judgment Motion Regarding the Issue of Lost Wages/Loss of Earning Capacity, or, *in the Alternative,* a Motion in Limine to Limit the Amount of Claim for Lost Wages (Rec. Doc. No. 14), Plaintiff states that his income tax returns will be filed in the near future, and presents as evidence of amounts deposited in his checking account prior to the accident, as well as a signed letter from Plaintiff's employer at the time of the accident estimating his income per week to be seven hundred twenty dollars.  In a supplemental memorandum in opposition to Defendant's contentions regarding the absence of an affidavit in support of Plaintiff's claims, the affidavit of Erwin Bell has been provided.

With regard to Defendant's Motion for Partial Summary Judgment on the Claim for Future Medical Expenses (Rec. Doc. No. 15),

---

[2]The final argument goes beyond the scope of the Motion for Summary Judgment and refers to the Motion in Limine seeking to exclude such evidence.

5

Plaintiff argues that the deposition of Dr. Boucree on May 23, 2008 addresses future medical expenses and time should be permitted to take said deposition. Plaintiff has since filed an affidavit of William R. Mustian, III as who asserts that Dr. Boucree testified without objection regarding all treatment rendered to Plaintiff from December 7, 2005 through February 8, 2008, as well as regarding the recommended future surgery. epidural steroid injections, and expected future doctor visits for Plaintiff. Plaintiff has also agreed to permit Defendant to use the testimony of Dr. Stephen Wilson, a physician who examined Plaintiff in connection with the workers' compensation claim, as Defendant's second medical examination.

## DISCUSSION

**A.  Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions, interrogatory answers and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56©; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2554-55 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the non-moving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Associates of North Texas*, 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc*. 7 F.3d 1203, 1207 (5th Cir. 1993). The plaintiff must present an issue of material as to every one of the essential elements of each of his claims on which he bears the burden of proof at trial. *Celotex,* 477 U.S. at 322; *see also Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1444 (5th Cir. 1993).

   **B.   Defendant's Motion for Partial Summary Judgment on the Credit to Which Defendant is Entitled (Rec. Doc. No. 13)**

Defendant contends that it is entitled to credits for any amounts paid to Plaintiff as a result of this accident by any workers' compensation benefits paid or to be paid to Plaintiff as a result of the accident in question. Defendant further avers that it is entitled to a credit for limits of the tortfeasor's policy. Plaintiff asserts that he does not oppose this motion. However, this Court should ensure that summary judgment in favor of

Defendant is proper.

The Supreme Court of Louisiana has provided direct guidance regarding the intersection between workers' compensation liability and uninusured motorist coverage. In *Bellard v. American Central Insurance Company*, the Supreme Court of Louisiana held that automobile and workers' compensation insurers were solidary obligors as they were (1) each obliged to the same payments, (2) each could be compelled for the whole, and (3) payment by one exonerated the other from liability toward the creditor. 2008 WL 1764953, at *6 (La. Apr. 18, 2008). The uninsured motorist carrier was entitled to a credit for the amount of the payments already made by the workers' compensation insurer to or on behalf of Plaintiff, but the uninsured motorist carrier was not relieved for amounts not paid by the workers' compensation insurer, at least to the extent of the uninsured motorist's policy limits. *Id*. at *13. Finally, Plaintiff was not entitled to double recovery. *Id*.

Under the Uninsured Motorist Statute, uninsured motorists insurance coverage only applies where the offending motor vehicle is uninsured or underinsured. LSA-R.S. 22:1406, 23:1021, et seq. *Grelle v. Youngblood*, 691 So.2d 279 (La. App. 4th Cir. Mar. 26, 1997). The uninsured motorist carrier has no obligation to pay any portion of an injured insured's damages within the underinsured tortfeasor's liability policy limits. Rather, the uninsured motorist carrier is only obligated to pay those damages which

exceed the policy limits of the motor vehicle liability policy and which are within the uninsured motorist policy limits. *Niemann v. Travelers Ins. Co.*, 368 So.2d 1003, 1007 (La. 1979); *Rizer v. American Sur. And Fidelity Ins. Co.*, 668 So.2d 387 (La. 1996).

In following Louisiana law, Defendant is entitled to credits for any benefits already paid by the workers' compensation carrier, but not entitled to credits for amounts that have not been paid. In addition, Defendant is entitled to a credit for the $10,000 paid by the tortfeasor's insurer.

**C. Defendant's Motion for Partial Summary Judgment with regard to the Issue of Lost Wages/Loss of Earning Capacity, or, in the Alternative, a Motion in Limine to Limit the Amount of Claim for Lost Wages (Rec. Doc. No. 14)**

In *Marcel v. Tenneco Oil Company*, the Fifth Circuit held that the measure for past and future wage loss in personal injury accidents is gross, pretax wages. 11 F.3d 563, 571 (5th Cir. 1994). A plaintiff need not produce an economist to testify as to the probability or improbability that Plaintiff would have earned similar amounts during the remainder of his work life. *See Oubre v. Holbert,* 1992 WL 211535 (E.D. La. Aug. 19, 1992). Louisiana law does not dictate that in order to prove the income asserted by Plaintiff, Plaintiff must present tax returns as proof of income. *Richard v. Teague*, 636 So.2d 1160, 1174 (La.App. 3 Cir. 1994). While tax returns serve as the best single source of evidence on the subject of future earnings and earning capacity, Plaintiff's

9

uncorroborated testimony is sufficient to prove a loss of past wages as long as such proof reasonably establishes the claim. *Davis v. State Farm Mut. Auto Ins. Co,*. 441 So.2d 18 (La. App. 3 Cir. 1983); *Oubre*, 1992 WL 211535 (E.D. La. Aug. 19, 1992).  In *Copeland v. Fahlsig*, the defendant filed a motion in limine, asserting that any evidence of past income not reported on an income tax return should be inadmissable at trial, and any witness testimony not corroborated by income tax returns must be excluded. 2003 WL 21667170 (E.D. La. July 11, 2003).  The Court concluded that because Plaintiff failed to show how such evidence would not be relevant under the Federal Rules of Evidence, the evidence would not be excluded and a trier of fact could determine the credibility of the witnesses.  *Id*.

    Plaintiff claims that his job at the time of the accident paid him a gross amount of $3,500 to $4,000 per week, and of that amount he had to deduct $900 to $1,00 a week for fuel expenses, translating to an income between $2,500 and $3,100 per week.  As support for his claims, Plaintiff has presented bank records displaying deposit amounts before the accident, a letter from his employer at the time of the accident estimating his weekly income to be $720.00 per week, and an affidavit of Plaintiff asserting that the documented deposits reflects his income prior to the accident.  Notably absent from the record, however, are federal income tax returns.  While Defendant correctly points out that 26

10

U.S.C. 1402(b) requires a self-employed person to file a federal income tax return if his annual income exceeds $400, Plaintiff is not presently on trial for a violation of this federal law.

In *Youngblood v. Tangipahoa Parish Sheriff Dept.*, the Court advised the plaintiff of his obligation under federal law to file an income tax return.[3]  The plaintiff, who initially offered no tax return in support of his claim for lost earnings in excess of $4,400, later decreased the amount claimed in lost wages. 1989 WL 30274 (E.D. La. Mar. 28, 1989).  Likewise, this Court encourages Plaintiff to file the necessary income tax returns, but finds no grounds to dismiss these claims or automatically limit them to $400 simply because no income tax returns have been produced.  Plaintiff has produced some evidence of income, but the law does not require that the best form of evidence (tax returns) be submitted.  Sans income tax returns, a trier-of-fact must determine if the amount claimed by Plaintiff proves reasonable in light of the evidence proffered and testimony presented at trial.

**D.   Defendant's Motion for Partial Summary Judgment on the Claim for Future Medical Expenses (Rec. Doc. No. 15)**

Awards shall not be made for future medical expenses which may or may not occur, in the absence of medical testimony that the expenses for necessary treatment are indicated and setting out

---

[3] The Court found that the plaintiff failed to prove by a preponderance of the evidence that he was subjected to any excessive force in the courts of his arrest, so no findings were made regarding the plaintiff's claims for lost wages.

their probable cost.  *Mendoza v. Mashburn,* 747 So.2d 1159, 1170 (La. App. 5th Cir. 1999).

> **1.  The Impact of Plaintiff's Concession to Defendant's Motion for Partial Summary Judgment on the Claim for Future Medical Expenses[4]**

Defendant's Motion for Partial Summary Judgment on the Credit to Which Defendant is Entitled stated, inter alia, that Defendant "is entitled to a credit for any benefits paid or to be paid by [the workers' compensation] carrier."  Plaintiff asserts that it does not oppose this motion, which results in this Court finding that the workers' compensation carrier and New Hampshire Insurance Company are solidary liable for Plaintiff's medical expenses, having coextensive obligations to reimburse the plaintiff for lost wages and medical expenses incurred as a result of his injury.

Under workers' compensation law, the workers' compensation carrier has a duty to furnish medical expenses resulting from this accident. LSA. R.S. 23:1203.  The payment made by one solidary obligor exonerates the other obligor as to the creditor. *Bellard v. American Cent/ Ins. Co.*, 2008 WL 1764953, at *9 (La. Apr. 18, 2008).  The injured employee is not allowed to obtain double recovery on those elements of damage which are coexstensive.  *Id*. Payment by one solidary obligor (the plaintiff's workers' compensation carrier) exonerates the other obligor (the insurer providing uninsured motorist coverage) as to the creditor (the

plaintiff) *See Molony v. U.S. Auto. Assoc.*,683 So.2d 891, 894 (La.App. 4th Cir. 11/6/96); *see also Boyd v. Moran*, 857 So.2d 1060, 1064; 2003-0361 (La. App. 4 Cir. 9/17/03). The central purpose of both the worker compensation act and the uninsured motorist statute is the protection of the injured person. *Bellard v. American Cent. Ins*. Co, 2008 WL 1764953, at *7 (La. Apr. 18, 2008).

> Section D of the Uninsured Motorist Policy at issue provides:
>
> No one will be entitled to receive duplicate payments for the same elements of "loss" . . . We will not make a duplicate payment under this Coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible.

This section bars Plaintiff from receiving duplicate payments for amounts already paid by the workers' compensation carrier, and affirms that Defendant is entitled to a credit in the amount of the payments made by the workers' compensation carrier to Plaintiff. However, this section does not relieve the uninsured motorist carrier of liability for amounts not paid by the workers' compensation insurer, at least to the extent of New Hampshire's policy limits. This result merely enforces the contractual rights negotiated between New Hampshire and the employer when the employer purchased uninsured motorist coverage on behalf of Plaintiff. *Bellard v. American Cent. Ins. Co.*, 2008 WL 1764953, at *13 (La. Apr. 18, 2008). It also ensures that the purposes of workers' compensation act and the uninsured motorist statute are satisfied, protecting the injured person by barring

the solidary obligors from punting the responsibility owed to Plaintiff.  *Bellard v. American Cent. Ins*. Co, 2008 WL 1764953, at *7 (La. Apr. 18, 2008).

### 2. Plaintiff's Failure to Provide Evidence of Future Medical Expenses

Defendant avers that summary judgment should be granted because Plaintiff's failure to produce an expert report to proves that future medical treatment will not be necessary.  The last record provided for Plaintiff is dated April 11, 2007, from a visit to Dr. Joseph Boucree, which indicated that Plaintiff should return in two to three months.  Plaintiff asserts that more time should be permitted to conduct the deposition of Plaintiff's treating physician, Dr. Jospeh Boucree, which was scheduled to take place May 23, 2008.  In order to satisfy the rigors of Fed. R. Civ. P. 56(f), Plaintiff has filed an affidavit of William R. Mustian, III, highlighting the May 23, 2008 deposition date.  However, in order to obtain a Rule 56(f) continuance, Plaintiff is required to specifically explain both why he is currently unable to present evidence creating a genuine issue of fact and how a continuance would enable Plaintiff to present such evidence.  *Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 756 (5th Cir. 2005).  Because granting a request pursuant to Rule 56(f) is discretionary with the trial court, the Court may infer the obvious rationale behind the continuance.  *See Pan-Islamic Trade Corp. V. Exxon Corp.*, 632 F.2D

539, 550 (5th Cir. 1980), cert denied, 454 U.S. 927 (1981).

Plaintiff has since filed an affidavit of William R. Mustian, III as who asserts that Dr. Boucree testified without objection regarding all treatment rendered to Plaintiff from December 7, 2005 through February 8, 2008, as well as regarding the recommended future surgery. epidural steroid injections, and expected future doctor visits for Plaintiff.  Plaintiff has also agreed to permit defendant to use the testimony of Dr. Stephen Wilson, a physician who examined Plaintiff in connection with the workers' compensation claim, as Defendant's second medical examination.  This filing effectively moots the issue of Plaintiff's failure to provide evidence of future medical expenses.

### *CONCLUSION*

For the aforementioned reasons, Defendant's Motion for Partial Summary Judgment regarding the Credit to Which Defendant is Entitled (Rec. Doc. No. 13) should be **GRANTED IN PART.**  Although Plaintiff asserts that he does not oppose this motion, the law only supports credit for the amounts already paid by the workers' compensation carrier.  Defendant's Motion for Partial Summary Judgment with regard to the Issue of Lost Wages/Loss of Earning Capacity, or, in the Alternative, a Motion in Limine to Limit the Amount of Claim for Lost Wages (Rec. Doc. No. 14) should be **DENIED.**  Finally, Defendant's Motion for Partial Summary Judgment on the

15

Claim for Future Medical Expenses (Rec. Doc. No. 15) should be **DENIED**.

New Orleans, Louisiana, this 2nd day of June, 2008.

_____
UNITED STATES DISTRICT JUDGE